UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of all Others Similarly Situated,<br>                                Plaintiff<br><br>- against -<br><br>PAUL MASLIN & CO., LLC and SEAFLOWER FISH MARKET INC.<br>                                Defendants | 23cv1435 (JGK)(SN) |

**PROPOSED DEFAULT JUDGMENT AGAINST DEFENDANT SEAFLOWER FISH MARKET INC. PURSANT TO FRCP 55(B)(2)**

This matter came before the Court on Plaintiff's application for entry of default judgment against Defendant Seaflower Fish Market Inc., under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

1. On February 28, 2023, Defendant Seaflower Fish Market Inc. was properly served with the summons and complaint of this action. Proper service was certified to this Court with affidavit of service filed on May 1, 2023. (*See*, Dkt. Doc. # 14).

2. Defendant Seaflower Fish Market Inc. has not answered or otherwise moved with respect to the complaint, and the time for Defendant Seaflower Fish Market Inc. to answer or otherwise move has not been extended.

3. A default was entered by the Clerk of the Court against Defendant Seaflower Fish Market Inc. on July 5, 2023, Dkt. Doc. #18.

4. Plaintiff's complaint sets forth allegations of Defendants' unlawful discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182, New York State Human Rights Laws § 296.2, and New York State Civil Rights Laws §§ 40-c and 40-d.

5. Defendant Seaflower Fish Market Inc. leases and operates the property that houses a public accommodation and as result of architectural barriers, Plaintiff was denied access and opportunity to participate in or benefit from these services or accommodations on the basis of his disability. (*See,* Dkt. Doc. # 32; Complaint).

6. Defendant Seaflower Fish Market Inc. has failed to remove all architectural barriers that are structural in nature in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). (*See,* Dkt. Doc. #1; Complaint ¶ 43, 54).

7. Defendant Seaflower Fish Market Inc. has failed to make the necessary readily achievable modifications to their public accommodation pursuant to the 1991 Standard and 2010 Standard. (*See,* Dkt. Doc. #1; Complaint ¶ 53 and 56).

8. Defendant Seaflower Fish Market Inc. has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a). (*See,* Dkt. Doc. #1; Complaint ¶ 62).

9. Defendant Seaflower Fish Market Inc. has failed to make the necessary readily achievable modifications to its public accommodation. (*See,* Dkt. Doc. #1; Complaint ¶ 55).

10. By virtue of the default, Defendant Seaflower Fish Market Inc. has not challenged any of the allegations.

11. The terms of relief sought in the requested judgment are fully justified by the facts shown in the attached Declaration of James E. Bahamonde.

12. The application for attorney's fees in the amount of **$2561.50** is granted from Defendant Seaflower Fish Market Inc.. This judgment shall bear interest at the judgment rate from the date of entry until paid.

THEREFORE, IT IS ADJUDGED AND ORDERED that:

1. Defendant Seaflower Fish Market Inc. is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

2. Defendant Seaflower Fish Market Inc. is enjoined from discriminating against Plaintiff in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

6. An award of reasonable attorney's fees in the amount of **$2561.50**.

This Court shall retain jurisdiction over this matter until _____. 2023 to enforce this Order, and to award such other equitable and further relief as the Court deems just and proper.

Dated: New York, New York
  _____, 2023

By: _____
    **John G. Koeltl**
    **United States District Judge**